Case No. 14-494C

(Hon. Judge Firestone)

_____

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
_____

MUHAMMAD TARIQ BAHA,

Plaintiff,

v.

THE UNITED STATES,

Defendant.
_____

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO GRANT PLAINTIFF LEAVE TO AMEND OR FACE DISMISSAL
_____

Mogeeb Weiss SBN 236087
WEISS LAW, a Professional Corporation
1151 Harbor Bay Parkway Suite 134
Alameda, CA 94502
Tel: 510 581 1857
Fax: 650 581 9394
mweiss@wslawgroup.com

Attorneys for Plaintiff
MUHAMMAD TARIQ BAHA

October 22, 2014

**TABLE OF CONTENTS**

TABLE OF CONTENTS……………………………………………………………………….i

TABLE OF AUTHORITIES……………………………………………………………….…..ii

I.       Lack of Certification or Defective Certificate…………………………………………….1

II.      Sufficiency of Claim………………………………………………………………………2

III.    Real Party & Indispensable Party…………………………………………………………3

CONCLUSION………………………………………………………………………………….4

# TABLE OF AUTHORITIES

## CASES

*Allen v. McCurry*
    (1980) 449 U.S. 90 ……………………………………………………………………….2

*Baker v. Kingsley*
    (2004) 387 F. 3d 649………………………………………………………………………2

*Conley v. Gibson*
    (1957) 355 U.S. 41……………………………………………………………………...2

*Higgs v. Carver*
    (2002) 286 F.3d 437……………………………………………………………………….3

*Perkins v. Silverstein*
    (1991) 939 F.2d 463……………………………………………………………………….2

*Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc*
    (1994) 40 F. 3d 247………………………………………………………………………..3

*Thompson v. Illinois Dep't of Prof'l Regulation*
    (2002) 300 F.3d 750…………………………………………………………..............2

## STATUTES

41 U.S.C §7101, *et seq*……………………………………………………………………2-3

## OTHER

RCFC 19(a)(1)………………………………………………………………………………3-4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MUHAMMAD TARIQ BAHA<br><br>    Plaintiff<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>    Defendants | No. 14-494C<br>(Hon. Judge Firestone) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Muhammad Tariq Baha ("Baha") submits this Opposition to Defendant's Motion to Dismiss the Complaint. This Court has subject matter jurisdiction in this matter; the Complaint sufficiently pleads facts upon which relief can be granted and is not vague or ambiguous that Defendant cannot prepare a response, and there is no need to join additional parties to the Complaint.

**I.** *<u>Lack of Certification or Defective Certificate</u>*

Defendant states that Baha did not submit a Claim for rent due for the period January 2010 to September 2010, and September 2012 to March 2014. (Motion, p.5-6.) Defendant states that a certified Claim submission is required pursuant to Contact Dispute Act ("CDA") 41 U.S.C. §7101, *et seq.* However, Defendant states that Baha did submit a defective certified Claim for rent due for the period September 2003 to January 18, 2010. (Motion, p. 5) Defendant asks this Court to dismiss the action because pursuant to CDA the Court lacks jurisdiction because Baha failed to submit a certified Claim for the relevant period. The analysis is misplaced.

41 U.S.C. §7103(a) (1) states that "*Each claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision.*"

Baha's operative complaint alleges one lease agreement pursuant to which the Defendant took possession of Baha's Premises and failed to pay rent. The Claims arise from the same contract, and raise the same issue of payment of the rent. Thus, the claims constitute the same claim. *Allen v. McCurry* (1980) 449 U.S. 90, 101.

If Defendant states that Baha submitted a defective certified Claim then pursuant to 41 U.S.C. §7103(b) (3) the Court has jurisdiction over the Claim because the Court can require Baha to correct the defect prior to issuing a final judgment. Therefore, the Court is not deprived of jurisdiction due to defective Claim certification.

## II.     *Sufficiency of Claim*

Defendant states that the operative complaint fails to identify substantive provisions of the contracts subject to this action. (Motion, p. 6-7.)

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, (2002) 300 F.3d 750, 753 *Perkins v. Silverstein*, (1991) 939 F.2d 463, 466. The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, (1957) 355 U.S. 41, 45-46; see also *Baker v. Kingsley*, (2004) 387 F.3d 649, 664 (*stating that although the "plaintiffs' allegations provide[d] little detail . . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each*

element of a `cause of action . . . ." See *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, (1994) 40 F.3d 247, 251 (stating that "*[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint*" and that "*[m]atching facts against legal elements comes later*"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, (2002) 286 F.3d 437, 439.

In this case, Baha's operative complaint states that Plaintiff and Defendant entered into a lease agreement for the lease of Plaintiff's residential house in Kabul, Afghanistan. The operative complaint states that the government did not pay any rent until the title dispute was resolved pursuant to a supplemental agreement and attaches the supplemental agreement as Exhibit 1 to the complaint. When the title dispute was resolved in favor of Baha in the local court, the complaint alleges that Baha demanded money and Defendant did pay rent for specified period but did not pay rent for other periods. The complaint identifies the amount the government paid. The complaint's Exhibit 2 is an email from Defendant that stated the government declines to pay rent for September 2003 to September 2010 citing payment to a different party. Thus, Baha pleads a claim for relief by briefly describing the events. *Sanjuan, supra*, at 251.

### III. *Real Party and Indispensable Party*

Defendant states that because Baha entered into the lease agreement subject to the complaint as a representative of his deceased father, he cannot maintain this action in his own name because he is not the real party in interest. Also, Defendant states that under the Lease 32, Baha entered into the agreement in a representative capacity on behalf of the siblings of his deceased father and as such he is not the real party in interest. Defendant's position contradicts RCFC 19 (a) (1) which states:

An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:

F.	a party with whom or in whose name a contract has been made for another's benefit

In this case, Exhibit 1 to the complaint, The Supplemental Agreement No. 1, identifies the Lessor as acting through his son Muhammad Tariq Baha, the plaintiff. Also, Lease 32 identifies Baha as the representative of the Heirs. Thus, Baha can maintain this action under his own name pursuant to RCFC 19(a)(1) F.

## Conclusion

The Court is not deprived of jurisdiction because of lack of certification under CDA. The operative complaint sufficiently asserts facts that relief can be granted upon. Finally, Baha does not have to join all his siblings in this Action to seek relief. Accordingly, Baha respectfully requests that the Court Deny Defendant's Motion to Dismiss.

Respectfully submitted,

Dated: October 22, 2014	WEISS LAW, PC


By: /s/ Mogeeb Weiss_____
 Mogeeb Weiss, Attorneys for PLAINTIFF
 MUHAMMAD TARIQ BAHA