IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MUHAMMAD TARIQ BAHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-494C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO MR. BAHA'S OPPOSITION TO OUR MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO GRANT MR. BAHA LEAVE TO FILE AN AMEDED COMPLAINT OR FACE DISMISSAL**

In our moving brief (Def. Mot.), we demonstrated that this Court does not possess jurisdiction to entertain the cause of action of plaintiff Muhammad Tariq Baha for rents between January 2010 and September 2010 (2010 rents), or between September 2012 and March 2014 (2012 to 2014 rents), because he failed to submit a certified claim for such rent. Def. Mot. 4-5. In his opposition (Pl. Resp.), Mr. Baha argues that his January 18, 2010 purported claim included a claim for 2010 rents and 2012 to 2014 rents because all those rents allegedly arose from the same contract. Pl. Resp. 1-2. As an initial matter, that assertion is incorrect. Any rents due between 2012 and 2014 were due under extensions of Lease No. DACA-TAN-5-11-0032 (32 Lease), not under Lease No. SWD-OEF-0027 (27 Lease).[1] App. 5. In any event, that argument is beside the point. The January 18, 2010 submission only sought rents due between 2002 and 2009. App. 3. It did not seek future rents for 2010, or 2012 to 2014. *Id.*

Mr. Baha does not even attempt to respond to our demonstration that his complaint fails to comply with Rule 9(k) of the Rules of the United States Court of Federal Claims (RCFC) because he did not identify the substantive provisions of the leases upon which he relies, or

---

[1] This Court may look to evidence outside the pleadings in order to determine its jurisdiction. *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461-62 (Fed. Cir. 1998).

annex a copy of the leases to his complaint. Def. Mot. 6-7; Pl. Resp. 2-3. Therefore, at a minimum, Mr. Baha should be granted leave to file an amended complaint, or face dismissal. Def. Mot. 6-7. In response to our demonstration that he failed to adequately allege a breach of contract cause of action, Mr. Baha points to his allegations that there was a lease and the Government failed to pay rent. Pl. Resp. 3.[2] However, as we demonstrated in our moving brief, those allegations do not adequately plead the elements of a breach of contract cause of action because they do not even allege that the Government agreed to pay Mr. Baha rent. Def. Mot. 6-7.

Finally, in our moving brief, we established that this Court should dismiss the complaint, or require Mr. Baha to join necessary parties, because he is not the real party in interest, and he failed to join indispensable parties. Def. Mot. 7-11. Mr. Baha's reliance upon RCFC 17(a)(1)(F) is meritless. Pl. Resp. 4.[3] That rule provides that "the following may sue in their own names without joining the person for whose benefit the action is brought . . . . a party *with whom or in whose name* a contract has been made *for another's benefit*[.]" RCFC 17(a)(1)(F) (emphasis added). Here, the 32 Lease identifies the party with whom, or in whose name, the contract has been made as "the heirs of Bahawouddin," not Mr. Baha. App. 5. That Mr. Baha acted as the heirs' "representative" does not mean that he was a party to the 32 Lease. Nor are we arguing that this action has to be brought by third-party beneficiaries. We simply are arguing that the

---

[2] Mr. Baha mistakenly relies upon the abrogated "no set of facts" test articulated in *Conley v. Gibson*, 355 U.S. 41 (1957). Pl. Resp. 2. In fact, pursuant to the relevant test provided in *Bell Atlantic Corp. v. Twombly*, Mr. Baha was required to allege facts that render his claim "plausible on its face." 550 U.S. 544, 547 (2007). He has not done so. Mot. 6-7.

[3] Mr. Baha miscites RCFC 19(a)(1) as the source of above quotation, when the quotation actually comes from RCFC 17(a)(1)(F). Pl. Resp. 4.

parties to the 32 Lease — namely the heirs of Bahawouddin — had to bring any action to enforce that lease, so that those parties will be bound by any judgment or settlement.

## CONCLUSION

For the foregoing reasons and the reasons set forth in our moving brief, we respectfully request that the Court dismiss Mr. Baha's complaint, or in the alternative, grant him leave to file an amended complaint or face dismissal.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

   /s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

  /s/ James Sweet
JAMES SWEET
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
PO Box 480
Ben Franklin Station
Washington, D.C. 20044
Tele: (202) 353-9369

November 3, 2014                    Attorneys for Defendant