### IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MUHAMMAD TARIQ BAHA<br><br>    Plaintiff<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>    Defendants | Case No. 14-494C<br><br>(Hon. Judge Firestone) |

### FIRST AMENDED COMPLAINT

#### I.    INTRODUCTION

1. This action seeks payment of rent for a residential home the United States occupied in Kabul, Afghanistan from August 2002 until March of 2014. The United States paid rent for entire year of 2002, from September 2009 to September 2012. The United States did not pay rent from 2003 to 2009 and September 2012 to March 2014.

#### II.    JURISDICTION

2. This Court has jurisdiction because the United States is a Defendant. 28 U.S.C §1491.

#### III.    PARTIES

3. Plaintiff is a United States citizen and legal resident of the State of California.
4. Defendant is the United States.

#### IV.    FACTUAL BACKGROUND

5. On or about August 10th 2002, Plaintiff and Defendant entered into a Lease Agreement, identified as Lease No. SWD-OEF-0027, for the lease of Plaintiff's residential house ("Premises") in Kabul, Afghanistan. Defendant agreed to pay Plaintiff $54,000.00 per year while Defendant occupies the Premises. Plaintiff does not have a copy of this written Lease Agreement because Defendant refused to provide Plaintiff with a copy.

6. On or about August 17th 2002, Plaintiff and Defendant entered into a Supplemental Agreement wherein Defendant agreed to take possession of the Premises without making any monetary payment because of a challenge to the title of the Premises. However, for the term of the dispute of title, however long it will take, Defendant agreed to rental payment of $54,000.00 a year. Exhibit 1.

7. After seven years of Court battle, in 2009 Plaintiff successfully prevailed in Kabul Court against all challenge to the title of the Premises. The Afghan authorities issued a valid deed to Plaintiff entitling Plaintiff to complete and unquestionable ownership of the Premises. The deed was issued to Plaintiff with Plaintiff's picture stamped on the deed. Plaintiff presented Defendant with the Court Order verifying Plaintiff's ownership and title to the Premises. Defendant promptly commenced paying rent to Plaintiff. Defendant paid rent from September 2009 to September 2012 at the rate of $120,000 per year for a total amount of $360,000 for three years.

8. Defendant did not pay rent to Plaintiff from September 2012 through March of 2014 when it finally vacated the Premises.

9. Defendant did not pay rent to Plaintiff for the period of September 2003 to September 2009. Defendant claimed that for the period of September 2003 to September 2009, it paid rent to an individual by the name of Haji Jamil who claimed ownership of the Premises. Exhibit 2.

10. However, in April 1, 2004, Defendant wrote to Plaintiff and Haji Jamil that rent will not be paid to anyone until a Court in Kabul affirms ownership title to the Premises. Exhibit 3. Moreover, the Supplemental Agreement Defendant signed with the Plaintiff, Defendant agreed to withhold rent until the title dispute is resolved. Exhibit 1.

11. On January 18, 2010 Plaintiff submitted to Defendant a claim form for unpaid rent and for damages. The claim form was submitted to Defendant in Camp Eggers in Afghanistan. On February 15, 2014, Plaintiff resubmitted the claim form for unpaid rent and damages to Defendant in Camp Eggers albeit with increased amount for unpaid rent.

12. Defendant refused and has continued to refuse to make payment.

**WHEREFORE,** Plaintiff demands the following relief:

1. Payment of rent from September 2003 to September 2009 at the rate of $54,000.00 per year for a total amount of $324,000. Payment of rent from September 2012 to March of 2014 at the rate of $10,000 per month for a total amount of $180,000. Combined total amount demanded **$504,000.00**

2. Any other relief the Court deems just and proper.

Dated: March 10, 2015                                WEISS LAW, PC

                                                                    /s/ Mogeeb Weiss
                                                          By: _____
                                                                Mogeeb Weiss Attorneys for Plaintiff
                                                                MUHAMMAD TARIQ BAHA

WEISS LAW, PC
1151 Harbor Bay Parkway Suite 134
Alameda, California 94502
TEL: (510) 581-1857
FAX: (650) 581-9493
EMAIL: mweiss@wslawgroup.com

# EXHIBIT 1

# SUPPLEMENTAL AGREEMENT TO LEASE AGREEMENT SWD-OEF-0027



SUPPLEMENTAL AGREEMENT NO. 1
TO FACILITY LEASE NO. SWD-OEF-0027
FOR
PRIVATELY OWNED PROPERTY
BETWEEN GHUIAM BAWODDIN S/O NIAZ MOHMMAD
(Acting by and through his son MUHAMMAD TARIQ BAHA
AND
THE UNITED STATES OF AMERICA

THIS SUPPLEMENTAL AGREEMENT, made and entered into this 17TH day of August, 2002, by and between Ghuiam Bawoddin s/o Niaz Mohmmad, acting by through his son Muhammad Tariq Baha, referred to as the **LESSOR**, and the **UNITED STATES OF AMERICA**, hereinafter referred to as the **LESSEE**;

WITNESSETH THAT:

WHEREAS, ON 10 August 2002, a lease was entered into between the Lessor and the Lessee, said lease being identified as Lease No. SWD-OEF-0027, hereinafter referred to as the original lease, however, payment under the terms of the lease was not made to consummate the lease because of a challenge to the title of the Lessor.

WHEREAS, it is the desire of the parties that the Lessee take immediate possession of the property pursuant to the terms of the lease, but to delay payment of rental until the Lessor's ownership is determined by the Kabul Court.

NOW, THEREFORE, it is mutually agreed by the parties hereto that the original lease be amended in the following respects only, all other terms and conditions remaining in full force and effect:

"3. **RENTAL:** The Lessee shall pay the Lessor rent at the rate of $54,000.00 (US Dollars) for the term. Payment will be made at such time as the Kabul Court determines Lessor to have legal ownership and title to subject property.

IT IS AGREED AND UNDERSTOOD that the effective date of this supplemental agreement shall be 17 August 2002.

1

IN WITNESS WHEREOF, the parties hereto have hereunto subscribed their names.

LESSOR: *[signature]*  WITNESS: *[signature]*

MUHAMMAD TARIQ BAHA
S/O GHUIAM BAWODDIN

Arsallan

LESSEE: THE UNITED STATES OF AMERICA    WITNESS:

*[signature]*    Jack A. Pirnie Jr.
GEORGE B. HARDIE    Maj USAR
CREST Team Leader



2

# **EXHIBIT 2**

# EMAIL FROM J. DIANE CLARK CLAIMING RENT WAS PAID TO MR. JAMIL FOR THE PERIOD 25 SEP 03 TO 24 SEP 201

-----Original Message-----
From: Clark, Joyce D TAN
Sent: Saturday, July 16, 2011 9:37 AM
To: 'tarigkakar2009@gmail.com'
Cc: Hancock, Marvette U TAN
Subject: RE: Jill Fab House

Sorry, I forgot to send you a new direct deposit form.

Thanks

J. Diane Clark
Deputy Chief Real Estate
Afghanistan Engineer District, North
Comm: 540-722-4630
DSN: 312-265-4630
Cell: 079-546-3059

-----Original Message-----
From: Clark, Joyce D TAN
Sent: Saturday, July 16, 2011 9:25 AM
To: 'tarigkakar2009@gmail.com'
Cc: Hancock, Marvette U TAN
Subject: Jill Fab House

Sir:

I have attached a draft lease that we are sending today for funding   DO NOT SIGN THIS LEASE!  When we receive the funding we will call you to come to the office to sign
Please note that in paragraph 3a, and 3b, we will be asking for a total of $240,000.00 for the term 25 Sept 10 - 24 Sep 12.

I have reviewed all the files that we have on this property and unfortunately we have paid Mr. Jamil for the entire time the government has occupied the space (25 Sep 03 till 24 Sep 10).  As we spoke in the office I cannot pay you for the past years, you will need to take Mr. Jamil to Afghan court to recoup your rental payments.

Thanks

J. Diane Clark
Deputy Chief Real Estate
Afghanistan Engineer District, North
Comm: 540-722-4630
DSN: 312-265-4630
Cell: 079-546-3059


Other Attachments (16 KB)


EFT Form...

Download


Reply to Clark, Joyce D TAN

# EXHIBIT 3

# LETTER FROM HERSCHEL J. VEITCH INFORMING MR. JAMIL THAT RENT WILL NOT BE PAID TO HIM

**DEPARTMENT OF DEFENSE**
**COALITION/JOINT CIVIL MILITARY OPERATIONS TASK FORCE**
**TASK FORCE 450 (AIRBORN)**
**OPERATION ENDURING FREEDOM**
**KABUL, AFGHANISTAN**
**APO AE 09356**

CJCMOTF/OMC-A- CREST                                      1 April 2004

SUBJECT: Ownership Dispute

TO;   Mr. Haji Jamil
      Kabul Afghanistan
      070 27 86 82

In accordance with (IAW) Paragraph 5 of Lease SAS-OEF-106, which you signed and acknowledged receipt of on 22 September 2003 in Kabul, Afghanistan, you are hereby being notified that your ownership documents have come into question. A second party has come forward and provided documents which show that he and his father before him have owned this house and land for the past forty (40)years.

Therefore all rental money due from this lease shall be witheld, IAW with the conditions stipulated in Paragraph 5 of the above mentioned lease document. When official, verifiable documentation is received by this office which shows convinciningly that the dispute has been resolved, by the legal system of this country, all rental money due will be distributed to the lawful owner.

If it is determined that your claim of ownership is false this lease will terminate at that point. A new lease will be entered into with the legal and lawful owner of this property. We will continue to occupy this property under the conditions of the existing lease. IAW conditions stipulated in paragraph 7. c., the owner has no option to terminate this lease and we are holding and maintaining that right without reservation.

Any questions pertaining to this situation should be referred to the undersigned or his replacement at CJCMOTF compound, Kabul Afghanistan, 070 202-982 or at DSN 318-237-1022.

Herschel J. Veitch
Real Estate Team Leader
USACE-CREST
OMC-A/CJCMOTF

Exhibit "B"