IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MUHAMMAD TARIQ BAHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-494C |
| | ) | (Senior Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S REPLY TO MR. BAHA'S**
**OPPOSITION TO OUR MOTION TO DISMISS THE AMENDED**
**COMPLAINT OR TO PROVIDE NOTICE TO INTERESTED PARTIES**

None of Muhammad Tariq Baha's arguments negate our demonstration that this Court should dismiss the amended complaint, or provide notice to interested parties.

**I.    The Amended Complaint Does Not State A Claim Based Upon The 27 Lease**

In his opposition to our motion, Mr. Baha argues that this Court should allow him to maintain an action based upon Lease No. SWD-OEF-0027 (27 Lease), even though he does not possess a copy of that alleged lease. Pl. Opp. 3. That argument ignores the fact that this Court has ordered that Mr. Baha "shall only make claims based on documents that can be located and attached to the amended complaint." Order, 1, Jan. 16, 2015, ECF No. 13 (Order). Because Mr. Baha's claim based upon the 27 Lease does not comply with the Order, it should be dismissed.

**II.   This Court Does Not Possess Jurisdiction To Entertain Mr. Baha's Claim For Post-December 2013 Rent Because He Failed To Submit A Certified Claim For That Rent**

In an attempt to establish jurisdiction, Mr. Baha attaches to his opposition a copy of a purported certified claim that he resubmitted. Pl. Opp. A1. That claim is only for rent through December 2013. *Id.* at A2. Because Mr. Baha did not file a certified claim for post-December

2013 rent, this Court does not possess jurisdiction to consider Mr. Baha's claim for rent for January 2014 through March 2014.   41 U.S.C. § 7103(a)(1).

### III.   Mr. Baha Is Not The Real Party In Interest, And He Fails To Join Indispensable Parties

As we demonstrated in our moving brief, the heirs — and not Mr. Baha in his capacity as the heirs' agent — are the real parties in interest.  Def. Mot. 8-12.  In his capacity as an heir, Mr. Baha is a real party in interest.  However, he is not the only heir.  As joint obligees, the other heirs are indispensable parties.

#### A.   The Heirs — And Not Mr. Baha In His Representative Capacity — Are The Real Parties In Interest

Contrary to Mr. Baha's suggestion, the heirs — and not their agent — are the real parties in interest.  It is well-settled that:

> As a general rule, a person who is an attorney-in-fact or an agent solely for the purpose of bringing suit is viewed as a nominal rather than a real party in interest and will be required to litigate in the name of the principal rather than in the agent's own name.  In order to determine the agent's status and whether the agent has any right or authority to proceed on its own, the language of the power of attorney must be examined.

Wright & Miller, 6A FED. PRACTICE AND PROCEDURE, CIVIL 3d § 1553, pp. 553-54 (2010); *see also In re Rosuvastatin Calcium Patent Litigation*, 703 F.3d 511, 529-30 (Fed. Cir. 2012);[1] *S. Stern & Co. v. United States*, 331 F.2d 310, 315 (Cust. & Pat. App. 1963); *John L. Walker Co. v.*

---

[1] Contrary to Mr. Baha's suggestion, *Rosuvastatin* did not hold that an agent is a real party in interest. Pl. Opp. 4. On the contrary, Judge Plager, in his concurrence, recognized that an agent is not a real part in interest. *Rosuvastatin*, 703 F.3d at 529-30. Rather, the Court found that the company in that case was more than an agent. The company also possessed an interest in the subject matter of the suit because it was a subsidiary of the infringer, and possessed the right to use and sell the disputed drug in the United States. *Id*.

*Nat'l Underwriters' Co.*, 3 F.2d 102, 103 (7th Cir. 1924); *U.S. Epperson Underwriting Co. v. Jessup*, 22 F.R.D. 336, 338-42 (M.D. Ga. 1958), *aff'd*, 260 F.2d 355 (5th Cir. 1958).

Here, Mr. Baha executed the 32 Lease as an attorney-in-fact or agent for the heirs. Def. Mot. A5, A12. The power of attorney pursuant to which Mr. Baha executed the 32 Lease on behalf of the heirs only gave Mr. Baha the "authority to rent" the Jill Fab house. Def. Mot. A23.[2] It did not give him authority to collect rent payments, or to bring an action on behalf of the heirs. *Id*. Indeed, the heirs have informed the Army that Mr. Baha does not have the authority to collect rent, or to bring this action, on their behalf. Def. Mot. A20. Because Mr. Baha does not possess a power of attorney to collect rent, or bring this action, on behalf of the heirs, he cannot proceed on his own in this action as the heirs' agent.[3]

*Farrell Const. Co. v. Jefferson Parish, LA*, 896 F.2d 136, 140 (5th Cir. 1990) — upon which Mr. Baha relies — supports that conclusion. In *Farrell*, the Court of Appeals held that "[t]he real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Id*. Thus, "a party not possessing a right under substantive law is not the real party in interest with respect to that right and may not assert it." *Id*. Applying those principles, the *Farrell* Court held that a plaintiff that was not identified in the contract as a party to the contract did not hold the substantive right to enforce the contract. *Id*. Here, the persons holding the substantive right sought to be enforced

---

[2] Mr. Baha could not have had a power of attorney to execute the 27 Lease Supplement on behalf of his father because his father was dead at the time Mr. Baha executed the 27 Lease Supplement on his father's behalf. Even assuming that Mr. Baha had the authority to execute the 27 Lease Supplement on behalf of his father's heirs, that would not render him the real party in interest for the reasons discussed above.

[3] Contrary to Mr. Baha's suggestion, it does not follow from the fact that he lacks the authority to bring this action that he did not have the authority to enter into the 32 Lease because the power of attorney gave him the authority to enter into the 32 Lease, but not to collect rent, or bring this action. Pl. Opp. 8.

are the heirs — and not Mr. Baha —because the 32 Lease identifies the leasor to whom the Army owed any rent as the heirs. Def. Mot. A5. Therefore, the heirs are the real parties in interest.

### B. The Other Heirs Are Indispensable Parties

In our moving brief, we demonstrated that, as joint obligees, the other heirs are indispensable parties who must be joined. Def. Mot. 8 (citing Wright & Miller, 7 FED. PRACTICE AND PROCEDURE, CIVIL 3d, 181-82 (3d Ed. 2010)). In response, Mr. Baha speculates that the other heirs are not indispensable parties because they can sue Mr. Baha in state court. Pl. Opp. 7. That argument ignores the practical impairments and impediments the heirs would face trying to protect their interest in the Jill Fab house in state court, and the extent to which rendering a judgment in the other heirs' absence might prejudice the other heirs. Rule 19(a)(1), (b)(1) of the Rules of the Court of Federal Claims (RCFC). First, Mr. Baha has not shown that a state court would have subject matter jurisdiction over a land dispute in Afghanistan, or personal jurisdiction over him. Second, even if the other heirs could bring a state court action and obtain a judgment, it may be impractical to enforce such a judgment because Mr. Baha may not possess sufficient attachable assets.

Third, even if the other heirs could obtain and enforce a state court judgment, Mr. Baha's argument ignores the time and expense that would entail. It is particularly inappropriate to require the other heirs to incur the expense, burden, and uncertainty of obtaining and enforcing a separate state court judgment, when the other heirs have expressed a desire to intervene in this case, and it would be more efficient and economical to allow them to intervene than to require them to try and bring a separate state action.

4

Mr. Baha also speculates that disposing of this action without the heirs does not leave the Government subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because the 32 Lease contains an indemnification clause.[4]  That argument ignores the practical impairments and impediments to enforcing the 32 Lease indemnification clause, and the resulting risk of prejudice to the Government.  Mr. Baha has not shown that the Government will be able to enforce that provision, or that he will have sufficient assets to indemnify the Government.  Pl. Opp. 7.  Moreover, Mr. Baha's argument ignores the expense, burden, and uncertainty that would be involved in enforcing the indemnification clause.  At a minimum, Mr. Baha is in no position to oppose permissive intervention, so that this Court can determine to whom the Government owes any rent, because the other heirs have disputed to whom the Government owes the rent, Def. Mot. A20, and Mr. Baha concedes that the 32 Lease obligates him to hold the Government harmless in any dispute between him and the other heirs regarding the rent.  Pl. Opp. 7.

Mr. Baha next argues that any action by the other heirs against the United States based upon the 27 Lease or the 27 Lease Supplement would be barred by the statute of limitations.  Pl. Opp. 7-8.[5]  Mr. Baha does not show why the other heirs' claims would accrue when he

---

[4] It should be noted that Mr. Baha's indemnification clause argument only applies to the 32 Lease because he does not — and cannot — claim that the 27 Lease or the 27 Lease Supplement contained an indemnification clause.  Am. Compl. Ex. 1, pp. 1-2.

[5] Again, it should be noted that Mr. Baha's statute of limitations argument only applies to the 27 Lease and the 27 Lease Supplement because he does not argue that any claims based upon the 32 Lease would be barred by the statute of limitations.

demanded rent. Pl. Opp. 8.[6] Nor has he shown that a six year statute of limitations would apply in any action that the heirs might bring in an Afghan Court.

More fundamentally, Mr. Baha's statute of limitations argument only serves to highlight the risk of double or inconsistent obligations. Pl. Opp. 7-8. Unless this Court joins the other heirs, any decision regarding whether the statute of limitations bars their claims would not be binding upon the other heirs. For example, if this Court determined that Mr. Baha did not have to join the other heirs because any future action would be barred by the statute of limitations and entered judgment in favor of Mr. Baha, that statute of limitations decision would not be binding upon a future court. As a result, if the other heirs brought a separate action against the Government, the Court hearing that action would be free to decide that the statute of limitations does not bar the other heirs' claim and to enter a judgment against the Government. Because that would force the Government to pay twice for the same rent, failing to join the other heirs leaves the Government subject to a substantial risk of incurring double or inconsistent obligations.

### C. Mr. Baha Has Not Shown That He Is The Sole Heir

In our moving brief, we demonstrated that Mr. Baha was not the sole heir. Def. Mot. 8-12. In response, Mr. Baha points to an alleged deed that purportedly was issued after the Afghan Supreme Court decision. Pl. Opp. 8. However, there is no evidence that the alleged deed was issued after the Afghan Supreme Court decision. Pl. Opp. A3. Indeed, the only date on the alleged deed is 10/6/1381, which corresponds to 1961 in the Gregorian calendar. *Id.*; http://www.islamicfinder.org/dateConversion.php. In any event, even if there were evidence that

---

[6] There actually are two statutes of limitations for cause of action governed by the CDA such as this. First, a contractor must file a claim with the contracting officer within six years of the accrual of the claim. 41 U.S.C. § 7103(a)(4)(A). Second, a contractor must file an action in the Court of Federal Claims within 12 months of the date of receipt of a contracting officer's decision. 41 U.S.C. § 7104(b)(3). Because the other heirs never received a contracting officer's decision on a claim, it appears that Mr. Baha is relying upon the first statute of limitations.

Mr. Baha obtained the alleged deed after the Afghan Supreme Court decision, that would not change the fact that Afghan deeds are inherently unreliable, as demonstrated by the Army's experience with Mr. Jamil, and the fact that the 27 Lease Supplement required Mr. Baha's father to provide a copy of a decision from the Afghan Supreme Court — and not merely a deed — before the Government would make a payment to him.  Am. Compl. Ex. 1.  As we demonstrated in our moving brief, the copy of the Afghan Supreme Court decision, the inheritance certificate, and the power of attorney that Mr. Baha provided to the Army all indicated that the other heirs also were heirs.  Def. Mot. 9-10, A15, A17-A18, A21, A23.

Mr. Baha also points to the declaration of Rona Kabiri.  Pl. Opp. 8.  However, he does not even attempt to — and can not — refute our demonstration that that declaration is deficient.  Def. Mot. 10-12.  Therefore, for the reasons set forth in our motion, Ms. Kabiri's declaration fails to establish that Mr. Baha is the sole heir.  *Id*.

**IV.   At A Minimum, This Court Should Provide Notice To The Other Heirs**

Mr. Baha does not even attempt to respond to our argument that this Court should provide notice to the other heirs pursuant to RCFC 14(b).  Pl. Opp. 8.  Therefore, should the Court not dismiss the amended complaint at this time, the Court should grant that alternative relief for the reasons discussed above, and in our moving brief.  Def. Mot. 12-13.

**CONCLUSION**

For the foregoing reasons and the reasons set for in our moving brief, we respectfully request that the Court dismiss Mr. Baha's amended complaint, or in the alternative, provide notice to the other potential heirs.

        Respectfully submitted,

        BENJAMIN C. MIZER
        Principal Deputy Assistant Attorney General

        ROBERT E. KIRSCHMAN, JR.
        Director

        __/s/ Franklin E. White, Jr._____
        FRANKLIN E. WHITE, JR.
        Assistant Director

        _/s/ James Sweet_____
        JAMES SWEET
        Trial Attorney
        Commercial Litigation Branch
        Civil Division
        Department of Justice
        PO Box 480
        Ben Franklin Station
        Washington, D.C. 20044
        Tele: (202) 353-9369

June 22, 2015        Attorneys for Defendant