# UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MUHAMMAD TARIQ BAHA,               )<br>                                                          )<br>                    Plaintiff,             )<br>                                                          )<br>and                                                    )<br>                                                          )<br>BAHA et al.,                                       )<br>                                                          )<br>                    *Pro Se* Plaintiffs,   )<br>                                                          )<br>v.                                                       )<br>                                                          )<br>THE UNITED STATES,                   )<br>                                                          )<br>                    Defendant.             )   | Nos. 14-494C & 15-1349C<br>(Senior Judge Firestone) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT OF PLAINTIFF MUHAMMAD TARIQ BAHA

For its answer to the first amended complaint in No. 14-494C, defendant admits, denies, and alleges as follows:

1. Admits the allegations contained in the first sentence of paragraph 1 that the United States occupied a residential home in Kabul, Afghanistan from approximately September 2003 to approximately March 2014; the remaining allegations contained in the first sentence of paragraph 1 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the second sentence of paragraph 1 that the United States made payments that were to be for rent of the premises from approximately September 2009 to approximately September 2012; otherwise, denies the allegations contained in the second sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the third sentence of paragraph

1

1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

    2.    The allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

    3.    Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

    4.    Admits.

    5.    Admits the allegations contained in the first and second sentences of paragraph 5 to the extent support by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 5.  Denies the allegation contained in the third sentence of paragraph 5 that the United States simply refused to provide plaintiff a copy of the written lease agreement; denies the remainder of the allegations contained in the third sentence of paragraph 5 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

    6.    Admits the allegations contained in paragraph 6 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

    7.    Denies the allegations contained in the first, second, and third sentences of paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the fourth sentence of paragraph 7 that plaintiff presented to the United States a document purporting to be a court order; admits the remainder of the allegations contained in the fourth sentence of paragraph 7 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

Admits the allegation contained in the fifth sentence of paragraph 7 that the United States made payments to plaintiff that were to be for rent; otherwise denies the allegations contained in the fifth sentence of paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegation contained in the sixth sentence of paragraph 7 that the United States made three payments to plaintiff of $120,000 each, totaling $360,000 (avers that those payments were to be for rent of the premises from approximately September 2009 to approximately September 2012); otherwise denies the allegations contained in the sixth sentence of paragraph 7.

8.     Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  Avers that the United States Army vacated the property in or around March 2014.

9.     Denies the allegations contained in the first sentence of paragraph 9 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  Admits the allegations contained in the second sentence of paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 9.

10.    Admits the allegations contained in paragraph 10 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 10.

11.    Admits the allegations contained in the first and third sentences of paragraph 11 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and third sentences of paragraph 11. Admits the allegation contained in the second sentence of paragraph 11 that a claim form was

submitted to the United States in Camp Eggers in Afghanistan; admits the other allegations contained in the second sentence of paragraph 11 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations.

12. Admits the allegation in paragraph 12 that the United States has refused to make certain payments to plaintiff; otherwise, denies the allegations in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Denies that the plaintiff is entitled to the relief set forth in the prayer for relief that follows paragraph 12 of the first amended complaint, or to any relief whatsoever.

14. Denies each and every allegation not previously admitted or otherwise qualified.

## DEFENDANT'S AFFIRMATIVE DEFENSES

15. Plaintiff's claims are barred, in whole or in part, because plaintiff or a third party lacked the capacity to execute one or more of the contracts at issue.

16. Plaintiff's claims are barred, in whole or in part, because plaintiff's misrepresentation caused there to be no meeting of the minds to form a valid contract.

17. Plaintiff's claims are barred, in whole or in part, because there was a mutual mistake or a unilateral mistake in entering into or carrying out one or more of the contracts at issue.

18. Plaintiff's claims are barred, in whole or in part, by a contractual breach, by plaintiff, by one of the *pro se* plaintiffs, or by another party, of one or more of the contracts at issue—including (without limitation) a breach in failing to provide the premises at issue in the time or manner called for by a contract—or by the failure of a condition precedent to the United States' performance or by the failure or occurrence of a condition subsequent.

19. Plaintiff's claims are barred, in whole or in part, because an act or omission effectively repudiated one or more of the contracts or contractual obligations at issue.

20. Plaintiff's claims are barred, in whole or in part, because the United States has been released from an obligation or because plaintiff or one of the *pro se* plaintiffs waived rights.

21. Plaintiff's claims are barred, in whole or in part, by estoppel, acquiescence or consent, ratification, accord and satisfaction, or novation.

22. Plaintiff's claims are barred, in whole or in part, by payment by or on behalf of the United States.

23. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, including (without limitation) because of delays in performing one or more of the contracts at issue or in establishing ownership of the premises at issue.

24. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

25. Plaintiff's claims are barred, in whole or in part, because the United States has acted in good faith.

WHEREFORE, defendant requests that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

OF COUNSEL

/s/ Franklin E. White, Jr.

LTC STEVE RANIERI
Chief, General Litigation Branch
U.S. Army Litigation Division
9275 Gunston Road, Room 3001
Fort Belvoir, VA 22060-5546

FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Andrew W. Lamb
ANDREW W. LAMB
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Telephone:  (202) 616-0465
Facsimile:  (202) 307-0972

May 19, 2017               *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

    I hereby certify under penalty of perjury that, on May 19, 2017, I electronically filed a copy of the foregoing using the CM/ECF system, which sent a notification of such filing to all counsel of record, and caused to be placed in the United States mail (first-class, postage prepaid) one copy of the foregoing for each individual listed below, with each such copy addressed to its recipient as shown below.

| | |
|---|---|
| MOHAMMAD KHALID BAHA<br>661 Logan Lane<br>Danville, CA 94526 | QUDSIA BADGHISY<br>206 Sierra Vista Bay SW<br>Calgary, AB T3H3B8<br>CANADA |
| MOHAMMED HAMID BAHA<br>47 Kincora View NW<br>Calgary, AB T3R1M4<br>CANADA | FARIHA SAMADZADA<br>5838 Montiveno Drive<br>San Jose, CA 95123 |
| FAHIMA AHRARY<br>Ascherring 11<br>Hamburg 21035<br>GERMANY | AFIFA BAHA<br>10060 Longview Drive<br>Lone Tree, CO 80124 |
| TOOBA BAHA<br>4525 Riding Club Court<br>Hayward, CA 94542 | KOBRA BAHA KAKAR<br>4525 Riding Club Court<br>Hayward, CA 94542 |

                                                /s/ Andrew W. Lamb