# In the United States Court of Federal Claims

No. 14-494C
(Filed: June 4, 2020)
**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| MUHAMMAD TARIQ BAHA, | ) ) ) | Summary Judgment; Rule 56; Contract |
| Plaintiff, | ) ) | Disputes Act; Power of Attorney |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

**O P I N I O N**

**FIRESTONE**, *Senior Judge*.

Plaintiff Mohammad Tariq Baha ("Mr. Baha") brought this breach of contract action against the United States ("government") for rent Mr. Baha alleges was not paid under two leases the United States Army entered into for a residential property in Kabul, Afghanistan.  The court earlier denied Mr. Baha's claims under the first of the leases, which the parties refer to as the "27-Lease."  *Baha v. United States*, 144 Fed. Cl. 500, 504-06 (2019).  Now pending before the court are the remaining issues raised in the parties' cross motions for summary judgment and supplemental briefing regarding the second lease, which the parties refer to as the "32-Lease."   For the reasons discussed below, the government's cross motion for partial summary judgment regarding its

liability under the 32-Lease is **DENIED**, and Mr. Baha's motion for summary judgment is **GRANTED**.

The court's resolution of these issues is preceded by a history which is discussed at length in the court's prior decisions and will not be repeated in full here. *See Baha v. United States*, 123 Fed. Cl. 1 (2015); *Baha v. United States*, 144 Fed. Cl. 500 (2019). For purposes of ruling on the pending motions, the following facts are undisputed.

On August 10, 2002, the United States Army entered into lease No. SWD-OEF-0027 ("27-Lease") to rent a residential property in Kabul, Afghanistan. Pl.'s Mot. at 2, ECF No. 87; Def.'s Cross-Mot. at 3, ECF No. 90. Although neither party has been able to supply a copy of the 27-Lease, the government recognized the existence of this lease when the government and Mr. Baha signed a supplemental agreement on August 17, 2002. Pl.'s Mot. at 2-3; Def.'s Cross-Mot. at 3-4; Def.'s App. at 1, ECF No. 90-1. The supplement identifies Ghiuam Bawoddin,[1] acting by and through his son Muhammad Tariq Baha (Mr. Baha), as the lessor and the United States Army as the lessee. Def.'s App. at 1.

Mr. Bawoddin, however, had been dead for many years. Def.'s Cross-Mot. at 3. In a power of attorney document dated August 20, 2002, Mr. Bawoddin's other heirs – Kubra Baha, Qudsea Bagdghisi, Fahima, Afifa Baha, Fariha Baha Samad Zada, Hamed Baha, Khaled Baha, and Tooba Baha (collectively the "Baha Family") – authorized Mr.

---

[1] Mr. Baha's father is alternately referred to as Mr. Bawoddin or Mr. Bahawouddin. For consistency, this opinion refers to him as Mr. Bawoddin.

Baha to act on their behalf to rent the property. Def's. App. at 3; *see also* Def.'s Cross-Mot. at 4.

Rental payments were not made under the 27-Lease because of a dispute regarding ownership between the Baha Family and a third party. *See* Def.'s App. at 1. In 2009, the Afghanistan Supreme Court identified Mr. Baha and the Baha Family as Mr. Bawoddin's heirs and the rightful owners of the property. Pl.'s Mot. at 3; Def.'s Cross-Mot. at 5; Def.'s App. at 7-11.

On August 8, 2011, the heirs of Mr. Bawoddin, represented by Mr. Baha, and the United States Army entered into lease No. DACA-TAN-5-11-0032 ("32-Lease"). Pl.'s Mot. at 3; Def.'s Cross-Mot. at 6; Def.'s App. at 15. The annual rent in the 32-Lease was $120,000. Pl.'s Mot. at 3; Def.'s Cross-Mot. at 6; Def.'s App. at 16. The 32-Lease contained a "Release" clause that released the United States from "any and all manner of actions, liability, and claims . . . past, present, or future, arising from the occupancy, use, and alteration" of the property. Def.'s App. at 17. The 32-Lease also contained an "Agent Language" clause, in which "Lessor [the heirs] and Agent [Mr. Baha] agree[d] to hold Lessee [the government] harmless in any claim or dispute between Lessor and Agent." *Id.* at 22. The 32-Lease was signed by Mr. Baha on behalf of "the heirs of [Mr. Bawoddin], son of Neyaz Mohammad represented by Mohammad Tariq." *Id.* at 23.

Mr. Baha filed his first complaint in this court in June 2014 and then an amended complaint in March 2015, seeking $504,000 in total unpaid rent arising from the 27-Lease and the 32-Lease. In May 2015, the government filed a motion to dismiss or to provide notice to interested parties, arguing that the court lacked jurisdiction over any

claim for "rent after September 2009 because [Mr. Baha] failed to submit a certified claim" to the contracting officer in accordance with the Contract Disputes Act ("CDA"). Def.'s Mot. to Dismiss at 6, ECF No. 17.  The government also argued that Mr. Baha had other relatives (the Baha Family) with a potential claim to the rental payments.  *Id.* at 12. In August 2015, the court denied the government's motion to dismiss and ordered that the Baha Family be sent notice of the litigation.  *Baha*, 123 Fed. Cl. at 7.

In November 2015, after litigation notices were sent to the Baha Family members, the Baha Family filed their own complaint that was consolidated with Mr. Baha's case. *See* No. 15-1349C Compl., ECF No. 1.  However, the Baha Family had not yet filed a certified CDA claim with the contracting officer.  Following a period of discovery and briefing on the court's jurisdiction, on September 11, 2018, the court found that Mr. Baha's claim under the CDA contained a defective, but correctable, certification and remanded Mr. Baha's claim to the United States Army for correction and consideration. Order at 10, ECF No. 79.  The court also unconsolidated the Baha Family's case from the current case and dismissed their complaint for lack of jurisdiction for failure to file a CDA claim with the contracting officer.  *Id.*

Both Mr. Baha and the Baha Family filed CDA claims with the United States Army (on October 11, 2018 and August 30, 2018, respectively), which were denied on December 12, 2018 based, in part, on Mr. Baha and the Baha Family's conflicting claims of ownership of the subject property.  *See* Def.'s App. at 45-67.

Mr. Baha and the government then filed in the remaining, above-captioned case cross motions for summary judgment regarding the 27-Lease and the 32-Lease.  Mr.

4

Baha asserted that he was entitled to summary judgment for his claims for unpaid rent (1) under the 27-Lease from September 2003 to September 2009 at the rate of $54,000 per year, for a total of $324,000, and (2) under the 32-Lease from September 2012 to March 2014 at the rate of $10,000 per month, for a total of $180,000.  With regard to the 32-Lease, Mr. Baha argued that he "acted as agent for the heirs of Ghuiam Bawoddin" and was also a party to that lease, and he was therefore entitled to the full amount of unpaid rent.  Pl.'s Mot. at 5.

In its cross motion for partial summary judgment, the government argued that Mr. Baha's claim arising from the 27-Lease was barred for various reasons, including the release Mr. Baha signed as part of the 32-Lease.  As for the 32-Lease, the government asserted that the Baha Family could still bring claims arising out of that lease and thus the Baha Family must be joined under Rule 19(a) of the Rules of the United States Court of Federal Claims ("RCFC") or, alternatively, that the case should be dismissed or stayed until the statute of limitations on the Baha Family's 32-Lease claims expired.  The government did not dispute that it did not pay Mr. Baha or the Baha Family the requested rent under the 32-Lease.  *See* Def.'s Cross-Mot. at 25-26.  However, the government moved for partial summary judgment regarding Mr. Baha's claim to the full amount of the unpaid rent, arguing that as only one of the heirs, he was only due his portion.  *Id.*

On August 28, 2019, the court granted the government's motion for partial summary judgment and denied Mr. Baha's motion for summary judgment regarding Mr. Baha's claims under the 27-Lease, and stayed consideration of Mr. Baha's claim for unpaid rent under the 32-Lease.  *Baha*, 144 Fed. Cl. at 508.  The court held that Mr.

5

Baha's claims under the 27-Lease were barred by the release in the 32-Lease. *Id.* at 504. The court stayed the 32-Lease claims until December 13, 2019, to allow the other members of the Baha Family to join the case or allow their claims to expire under the applicable statute of limitations. *Id.* at 507.

The Baha Family did not join the case or bring their own claims. Following the expiration of the Baha Family's claims, the court ordered supplemental briefing on the parties' pending summary judgment motions. In its supplemental brief, the government argued that this court lacked jurisdiction over Mr. Baha's claim under the 32-Lease and that the 32-Lease was invalid. Def.'s Supp. Br. at 1, ECF No. 106. The government's arguments were premised on the assertion that Mr. Baha was making the 32-Lease claims on his own behalf and not as the representative of Mr. Bawoddin's heirs, who, the government asserted, were the contracting party. *Id.* In response, Mr. Baha argued that, pursuant to authority granted to him under the 2002 power of attorney, Mr. Baha was proceeding as the agent of the heirs and based on the power of attorney could make a claim in his own name for unpaid rent under the 32-Lease. Pl.'s Supp. Br. at 2, ECF No. 107.

On April 28, 2020, the court held oral argument on the remaining issues in the pending cross motions for summary judgment regarding the 32-Lease. At the oral argument, the government conceded that "the [g]overnment has not paid [Mr. Bawoddin's] heirs the rent owed under the 32-Lease agreement for September 2012 to March 2014 in the amount of $180,000." Apr. 28, 2020 Tr. at 4, ECF No. 114. The government also conceded that "if Mr. Baha is now proceeding as the agent of the heirs,

and the [c]ourt is looking at that 2002 power of attorney in conjunction with the 32-Lease

and is interpreting that [power of attorney] as [p]laintiff had suggested, that it's a broad

power of attorney, then . . . Mr. Baha . . . may prosecute this action, and the only issue is"

verifying the translation of the power of attorney, which was written in Farsi. *Id.* at 4-5.

Accordingly, the court ordered the parties to verify the translation.  Apr. 28, 2020 Order,

ECF No. 110.

      In a May 12, 2020 status report, Mr. Baha stated that he had provided the

government a translated copy of the power of attorney.  According to that translation, the

Baha Family members stated that they "name, appoint, and authorize our son and brother

Mohammad Tareq, who is also one of the heirs, as attorney with trust and give him

unfettered and unconditional authority to make decisions about, and supervise, and

maintain, and rent" the property at issue.  Pl.'s Resp., Ex. 1, ECF No. 116.  The

government then verified this translation.  *See* June 1, 2020 Jt. Status Report at 1, ECF

No. 118.

      In light of the verified translation and the government's concessions, the court

holds that Mr. Baha is entitled to summary judgment in his favor regarding his claims for

unpaid rent under the 32-Lease.  Summary judgment is appropriate when "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law."  RCFC 56(a); *see, e.g.*, *Premier Office Complex of Parma, LLC v. United States*,

916 F.3d 1006, 1011 (Fed. Cir. 2019).  There are no material facts in dispute that would

shield the government from liability here.  No party disputes that Mr. Baha signed the 32-

Lease as the representative of Mr. Bawoddin's heirs, Def.'s App. at 23, and Mr. Baha has

now stated that he is proceeding as the agent of the heirs,[2] Pl.'s Supp. Br. at 2.  The

government concedes that it has failed to pay Mr. Baha rent in the amount of $180,000

under the 32-Lease.  Apr. 28, 2020 Tr. at 4-5.  Following oral argument, the only issue

remaining regarding the government's liability to Mr. Baha under the 32-Lease was

whether Mr. Baha could lawfully pursue this action on behalf of himself and the other

heirs pursuant to the authority granted under the 2002 power of attorney.  *Id.*  The

government conceded at oral argument that Mr. Baha could lawfully do so if the power of

attorney was as broad as Mr. Baha had represented.  *Id.*  And the government has now

verified Mr. Baha's broad translation.  June 1, 2020 Jt. Status Report at 1.

Given that there are no disputed issues of material fact, summary judgment is

warranted.  The court holds (and the government concedes) that Mr. Baha is legally

authorized to bring this action on behalf of himself and the other heirs under the 2002

power of attorney, which grants Mr. Baha "unfettered and unconditional authority to

make decisions about, and supervise, and maintain, and rent" the property at issue.  Pl.'s

Resp., Ex. 1, ECF No. 116; *see Haberman v. United States*, 26 Cl. Ct. 1405, 1414-15

(1992) (holding that an agent had "a right to attempt to enforce [a breach of contract]

claim . . . under [a] valid power of attorney" and that the court thus had jurisdiction over

the action).  With no other barriers to liability, Mr. Baha is entitled to the $180,000 in

---

[2] The court recognizes that, at an earlier stage of this case, the court held that Mr. Baha did not provide documentation indicating that he was bringing this suit on the heirs' behalf, *see Baha*, 123 Fed. Cl. at 6 n.6, and that he and the Baha Family pursued separate CDA claims.  However, Mr. Baha now represents that he is proceeding as an agent for the heirs, and the Baha Family members have not joined this lawsuit or otherwise objected to Mr. Baha's proceeding on their behalf in this matter.

unpaid rent due under the 32-Lease.  Mr. Baha's motion for summary judgment on this

issue is therefore granted and the government's cross motion is denied.[3]

## CONCLUSION

For the reasons discussed above, the government's cross motion for partial

summary judgment, ECF No. 90, regarding Mr. Baha's claims under the 32-Lease is

**DENIED.**  Mr. Baha's motion for summary judgment, ECF No. 87, regarding his claims

under the 32-Lease is **GRANTED.**  Mr. Baha is entitled to the unpaid rent due under the

32-Lease.  The parties shall file a joint status report by **June 12, 2020**, with a proposed

judgment consistent with this opinion.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge

---

[3] The court further holds that because Mr. Baha is proceeding as the agent of the heirs and may prosecute this action and collect the unpaid rent pursuant to the 32-Lease and the 2002 power of attorney, the "Agent Language" provision in the 32-Lease shields the United States from liability as to the Baha Family.  Putting aside the fact that their claims have expired, the Baha Family cannot pursue claims for the unpaid rent from the United States because of this provision.  *See* Def.'s App. at 22 (providing that "Lessor [the heirs] and Agent [Mr. Baha] agree to hold Lessee [the government] harmless in any claim or dispute between Lessor and Agent").  As the government and plaintiff both state, the Baha Family's only recourse is against Mr. Baha.  Apr. 28, 2020 Tr. at 5 (counsel for the government stating "the [g]overnment would then be protected from any further actions from the siblings" under the 32-Lease and the 2002 power of attorney.); *id*. at 7 (counsel for Mr. Baha noting that the 32-Lease shields the government from liability regarding "a dispute between the agent and the heirs" for the unpaid rent).