# In the United States Court of Federal Claims

No. 14-494C
(Filed: September 4, 2020)
**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| MUHAMMAD TARIQ BAHA, | ) ) ) | RCFC 59; RCFC 60; Newly-Raised Arguments; Release |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| THE UNITED STATES, | ) ) |  |
| Defendant. | ) ) |  |

**ORDER DENYING RECONSIDERATION**

Now pending before the court in this breach of contract case is plaintiff Muhammad Tariq Baha's motion for reconsideration, under Rules 59 and 60 of the Rules of the United States Court of Federal Claims (RCFC), of this court's August 28, 2019 opinion granting partial summary judgment in favor of the government and June 17, 2020 judgment reflecting that opinion. For the reasons that follow, Mr. Baha's motion for reconsideration is **DENIED**.

**I.   BACKGROUND**

The court's resolution of these issues is preceded by a history which is discussed at length in the court's prior decisions and will not be repeated in full here. *See Baha v. United States*, 123 Fed. Cl. 1 (2015); *Baha v. United States*, 144 Fed. Cl. 500 (2019). The relevant facts are as follows.

On August 10, 2002, the United States Army entered into lease No. SWD-OEF-0027 (27-Lease) to rent a residential property in Kabul, Afghanistan. *Baha v. United States*, No. 14-494C, 2020 WL 3045955, at *1 (Fed. Cl. June 4, 2020). Neither party has been able to supply a copy of the 27-Lease, but the government recognized the existence of the Lease when the government and Mr. Baha signed a supplemental agreement on August 17, 2002. *Id.* The 27-Lease supplement stated that the 27-Lease was between the Army and Ghiuam Bawoddin, acting by and through his son Mr. Baha, and it was signed by Mr. Baha. *Id.* However, Ghiuam Badwoddin had been dead for many years. *Id.* Shortly after the 27-Lease supplement was signed, a 2002 power of attorney document was executed by Ghiuam Bawoddin's heirs (collectively, the Heirs), authorizing Mr. Baha to act on their behalf to make decisions about the property. *Id.*

Due to a title dispute with a third party over the house, rental payments were not made under the 27-Lease. *Id.* In 2009, the Afghanistan Supreme Court identified Mr. Baha and the Heirs as the rightful owners of the property. *Id.*

On August 8, 2011, the Heirs, represented by Mr. Baha, and the United States Army entered into lease No. DACA-TAN-5-11-0032 (32-Lease) for the Army to rent the property. *Baha*, 144 Fed. Cl. at 504. The 32-Lease contained a release which stated:

> The Parties mutually agree, that the Lessor does hereby release, acquit, and forever discharge the Lessee from any and all manner of actions, liability, and claims for any reason whatsoever; past, present, or future, arising from the occupancy, use, and alteration of the Premises, and for any other matters related thereto, and the Lessor agrees to indemnify, hold harmless, and defend, at Lessor's expense, the Lessee from and against any judicial process, including, but not limited to, demands and liabilities; past, present, and future, arising from the use, occupancy, and alteration of the Premises.

*Id.* (citation omitted).  The 32-Lease was signed by Mr. Baha on behalf of the "heirs of [Mr. Bawoddin]." *Id.*  The United States paid rent upon the signing of the 32-Lease in 2011, but ceased making additional payments and eventually relinquished the property in 2014, after requesting from Mr. Baha, but not receiving, a new power of attorney or a lease signed by all of the Heirs.  Def.'s Resp. at 3, ECF No. 129.

In 2014, Mr. Baha sued the United States for unpaid rent under both the 27-Lease and the 32-Lease.  *Baha*, 144 Fed. Cl. at 502.  Following protracted proceedings, *see id.* at 502-03, the parties filed cross motions for summary judgment.  Mr. Baha argued that he was entitled to summary judgment for claims arising from both leases because he is a party to both and was acting as an agent to his family when he signed the 32-Lease.  *Id.* at 503; *see also* Pl.'s Mot. at 4-6, ECF No. 87.  The government asserted that Mr. Baha's claims arising from the 27-Lease were barred because, inter alia, the 27-Lease was void ab initio as a contract with a dead man and the 32-Lease's release clause encompassed the claims under the 27-Lease.  *See* Def.'s Cross-Mot. at 18-25, ECF No. 90.

On August 28, 2019, the court granted the government's motion for partial summary judgment and denied Mr. Baha's motion for summary judgment regarding Mr. Baha's claims under the 27-Lease.  *Baha*, 144 Fed. Cl. at 508.  The court held that Mr. Baha's claims under the 27-Lease were barred by the release in the 32-Lease but did not decide whether the 27-Lease was validly executed or not.  *Id.* at 504-06.

The court then ordered additional briefing on the 32-Lease claims, and held, based on the 2002 power of attorney document, that the Army was liable to Mr. Baha under the 32-Lease for $180,000 in unpaid rent.  *Baha*, 2020 WL 3045955, at *4.  Judgment was

entered on June 17, 2020, granting Mr. Baha relief under the 32-Lease only.  ECF No. 123.

On July 10, 2020, Mr. Baha moved for reconsideration under RCFC 59 and 60 of the court's order and judgment granting partial summary judgment in favor of the government on the claims under the 27-Lease.  Mr. Baha argues that the parties to the two leases were not the same and that, therefore, the Heirs could not have released the claims under the 27-Lease, which identified their deceased father and Mr. Baha, not the Heirs, as the contracting parties.  Pl.'s Recons. Mot. at 3-5, ECF No. 127.

The government responds that Mr. Baha's motion for reconsideration must be dismissed because it raises new arguments not made before the entry of judgment that are waived.  Def.'s Resp. at 6-7, ECF No. 129.  Alternatively, the government argues that reconsideration should be denied because the facts demonstrate that Mr. Baha had to have signed both leases on behalf of the Heirs who collectively owned the property at that time, regardless of the caption on each lease.  Otherwise, the government argues, the 27-Lease is void ab initio as a contract with a dead man.  *Id.* at 7-11.

In reply, Mr. Baha argues that the court cannot amend the contracting parties under the 27-Lease to include the Heirs, as the government suggests.  Reply at 2-3, ECF No. 130.  Mr. Baha further argues that the 27-Lease is not void ab initio because the court's application of the 32-Lease release clause affirmed the legality of the 27-Lease. *Id.* at 3-4.  Moreover, Mr. Baha argues, while he is a party to both leases, he is the sole contracting party to the 27-Lease and only one of the contracting parties to the 32-Lease, and, therefore, the parties to the leases remain different.  *Id.* at 4-5.  Mr. Baha does not

4

respond to government's contention that a party cannot raise new legal arguments on reconsideration.

## II. LEGAL STANDARD

"The three primary grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010) (internal quotation marks and citation omitted). Where a party seeks reconsideration under RCFC 59 on the ground of manifest injustice, it cannot prevail unless it demonstrates that any injustice is "apparent to the point of being almost indisputable." *Ideker Farms, Inc. v. United States*, 142 Fed. Cl. 222, 226 (2019) (internal quotation marks and citation omitted). RCFC 59 motions "must be supported by a showing of extraordinary circumstances which justify relief," and "[c]ourts must address [them] with exceptional care." *IAP Worldwide Servs., Inc. v. United States*, 141 Fed. Cl. 788, 799 (2019) (internal quotation marks and citations omitted).

A motion for reconsideration "is not intended to permit a party to retry its case when it previously was afforded a full and fair opportunity to do so." *Fillmore Equip. of Holland, Inc. v. United States*, 105 Fed. Cl. 1, 7 (2012). The motion "should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Del. Valley Floral Grp.*, 597 F.3d at 1384 (internal quotation marks and citation omitted). A court "will not grant a motion for reconsideration if the movant merely reasserts arguments previously made all of which

5

were carefully considered by the court." *Ideker*, 142 Fed. Cl. at 226 (internal quotation marks, alterations, and citation omitted).  Nor may reconsideration motions be used "to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation omitted); *Lee v. United States*, 130 Fed. Cl. 243, 252 (2017) (holding that the court will not grant a motion for reconsideration based on "new arguments that could have been made earlier"), *aff'd*, 895 F.3d 1363 (Fed. Cir. 2018).

Under RCFC 60(b), the court may "relieve a party . . . from a final judgment, order, or proceeding" based on six grounds.  Mr. Baha relies on RCFC 60(b)(1) and (6), which state that this court "may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect" and "(6) any other reason that justifies relief."  "Mistake" or "inadvertence" under RCFC 60(b)(1) includes "judicial error."  *Patton v. Sec'y of Health & Human Servs.*, 25 F.3d 1021, 1030 (Fed. Cir. 1994).  An RCFC 60(b) motion "is not available simply to relitigate a case—it is an avenue to secure extraordinary relief . . . which may be granted only in exceptional circumstances." *Wagstaff v. United States*, 595 F. App'x 975, 978 (Fed. Cir. 2014) (quotation omitted).

### III.     DISCUSSION

Applying these standards, Mr. Baha's motion must be denied.  In his reconsideration motion, Mr. Baha argues that the contracting parties to the 27-Lease were the deceased Mr. Bawoddin, represented by Mr. Baha, and that the contracting parties to the 32-Lease were Mr. Baha and the Heirs.  Pl.'s Recons. Mot. at 1, 4-5.  Because the

6

parties to the two leases are different, Mr. Baha contends, the release in the 32-Lease cannot bar Mr. Baha's claims under the 27-Lease. *Id.* at 5.

However, Mr. Baha did not make these arguments prior to the entry of judgment in this case. In his motion for summary judgment, Mr. Baha argued only that equitable estoppel precluded the application of the 32-Lease release to the 27-Lease claims, and that the release was unconscionable. Pl.'s Mot. at 10-11; Pl.'s Resp. & Reply at 2, ECF 91. Mr. Baha did not argue that the release in the 32-Lease did not apply to the 27-Lease because the parties to the two leases were different. Moreover, in raising this new argument on reconsideration, Mr. Baha presents no new facts. Instead, Mr. Baha raises new legal arguments that he could have raised earlier.

RCFC 59 reconsideration motions, however, cannot be used "to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon,* 554 U.S. at 485 n.5; *Lee,* 130 Fed. Cl. at 252. A motion for reconsideration "is not intended to permit a party to retry its case when it previously was afforded a full and fair opportunity to do so." *Fillmore*, 105 Fed. Cl. at 7. Likewise, Mr. Baha may not use an RCFC 60(b) motion to "relitigate" his case. *Wagstaff*, 595 F. App'x at 978. Because Mr. Baha could have made the arguments he raises in his reconsideration motion before the entry of judgment, during the many rounds of briefing in this case, reconsideration is not warranted.

Moreover, even if his arguments were not new, the court concludes that Mr. Baha has not demonstrated a clear factual or legal error in the court's opinion. Again, Mr. Baha argues on reconsideration that the Heirs could not have released under the 32-Lease

the claim for rent under the 27-Lease because the parties to the two leases were different. Pl.'s Recons. Mot. at 4-5. However, the court agrees with the government, Def.'s Resp. at 7-11, that the 27-Lease must have been executed on behalf of the Heirs, and, therefore, the parties to the two leases were the same. This is because Mr. Bawoddin was dead in 2002 when the 27-Lease was signed on his behalf. *Baha*, 144 Fed. Cl. at 503. Mr. Baha therefore could not have signed the 27-Lease on Mr. Bawoddin's behalf as an individual, he could only have signed the lease as an agent for the Heirs, who owned the property at that time.

Indeed, it appears Mr. Baha knew at the time he signed the 27-Lease in 2002 that he was signing on behalf of the Heirs, given the 2002 power of attorney he obtained from the Heirs to act on their behalf regarding the property after the supplement to the 27-Lease was signed. *See id.* at 503-504. This is consistent with the Afghanistan Supreme Court's decision that the Heirs inherited the property in 1976 after Mr. Bawoddin's death and subsequently rented the property. *See id.* at 504; Def.'s App. at 7, ECF No. 90-1. The court therefore agrees with the government that Mr. Baha signed both the 27-Lease and the 32-Lease on behalf of the Heirs.

Mr. Baha also could not have signed the 27-Lease on behalf of himself. Mr. Baha argues that he is the sole party to the 27-Lease, relying on the Restatement (Third) of Agency § 6.04 (2006), which states that:

> Unless the third party agrees otherwise, a person who makes a contract with a third party purportedly as an agent on behalf of a principal becomes a party to the contract if the purported agent knows or has reason to know that the purported principal does not exist or lacks capacity to be a party to a contract.

The court finds this argument unpersuasive. The agency rule relied on by Mr. Baha is meant to protect the third party to a contract – here, the United States – by imposing liability on an agent – here, Mr. Baha – where the agent enters into a contract knowingly on behalf of a non-existent principal. *See BRJM, LLC v. Output Sys., Inc.*, 917 A.2d 605, 612 (Conn. App. Ct. 2007) (holding that the rule "aims to protect third parties by making purported agents parties to such contracts and imposing personal liability on them"). The court does not read this rule to provide any benefit to Mr. Baha based on the incorrect representation that his father was able to lease the property in 2002.

Moreover, Mr. Baha has not shown why the broad release clause in the 32-Lease would not bar Mr. Baha's claims, even if Mr. Baha is the sole party to the 27-Lease. The release clause in the 32-Lease broadly disclaimed any liability from claims by all the Heirs relating to the 27-Lease, including by Mr. Baha. *Baha*, 144 Fed. Cl. at 505. Mr. Baha appears to argue that the court must conclude that his one-ninth "share" as one of the Heirs in the 32-Lease "released [his] interest in the 27-Lease," but that Mr. Baha has found "no reported cases" that the court can do so. Reply at 5. However, Mr. Baha signed the 32-Lease, which included the broad release clause, on behalf of the Heirs, including himself. When he did so, Mr. Baha was well aware of his claims under the 27-Lease. *Baha,* 144 Fed. Cl. at 505. The court finds no need to reach conclusions related to Mr. Baha's "share" as an Heir where they all agreed to broadly release the claims under the 27-Lease. The court therefore finds no error in its decision that the 32-Lease "unambiguously releases the government from any unpaid rent obligations under the 27-

Lease." *Baha*, 144 Fed. Cl. at 504.  For these additional reasons, the court denies Mr. Baha's motion for reconsideration.

## IV. CONCLUSION

Based on the foregoing, Mr. Baha's motion for reconsideration, ECF No. 127, is **DENIED.**

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge
